IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:23-cv-00590-FDW-SCR

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

                                        Plaintiffs,

–against–

APEX SPINE & ORTHOPAEDICS, PLLC, ERIK T. BENDIKS, M.D., ADVANCED PAIN CONSULTANTS, P.A., and SONIA P. PASI, M.D.,

                                        Defendants.

## CERTIFICATION AND REPORT OF F.R.C.P 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

1. <u>Certification of Conference.</u> Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 19, 2023, between:

   Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs") represented by Christie M. Hayes, Esq., Steven T. Henesy, Esq., and Qasim I. Haq, Esq.

   Defendants, Apex Spine & Orthopaedics, PLLC and Erik T. Bendiks, M.D. (collectively the "Apex Defendants"), represented by John Michael Durnovich, Esq. and Andrew P. Baratta, Esq.

   Defendants, Advanced Pain Consultants, P.A. and Sonia P. Pasi, M.D. (collectively the "Pasi Defendants"), represented by John Stanfield Buford, Esq. and Daniel Adams, Esq.

2. <u>Pre-Discovery Disclosures</u>

☐    The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by
☒    The parties stipulate out of or object to mandatory initial disclosures.

<u>Plaintiffs' Position:</u>

The Pasi Defendants object to exchange of the information required by Fed. R. Civ. P. 26(a)(1) on the basis that they have filed as 12(b)(1) motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. Plaintiffs oppose this position and respectfully submit that the Pasi Defendants' motion is better characterized as a 12(b)(6) for failure to state a claim, which pursuant to Judge Whitney's standing order does not stay discovery, nor toll the time in which initial disclosures are

to be exchanged. Plaintiffs further submit that the Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because the total matter in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold of $75,000.00, and is between citizens of different states. A review of the citizenship disclosure statements confirms that this action is between citizens of different states. See ECF Nos. 2-5; 19-20; 26-27.

In addition, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 over claims brought under 18 U.S.C. §§ 1961 et seq. (the Racketeer Influenced and Corrupt Organizations ("RICO") Act).

Apex Defendants' Position:

The Apex Defendants take no position with respect to the commencement of discovery obligations between Geico and the entirely unrelated Pasi Defendants. However, as between Geico and the Apex Defendants, the Apex Defendants are prepared to commence discovery, including the service of mandatory initial disclosures under Fed. R. Civ. P. 26(a)(1), in accordance with this Court's Initial Scheduling Order.

Pasi Defendants' Position:

The Pasi Defendants object to the commencement of discovery as inconsistent with Section 3(c)(i) of the Initial Scheduling Order pursuant to the Standing Order Governing Civil Case Management before the Honorable Frank D. Whitney (3:07-mc-47, D.E. 2) (the "Initial Scheduling Order"), entered by the Clerk in this matter on September 18, 2023. The Initial Scheduling Order states that, upon filing of a Rule 12(b)(1) motion or certain others, "The time in which to hold a Rule 26(f) initial attorneys' conference and to commence with discovery will likewise be tolled unless the party opposing the motion petitions the Court for limited fact discovery and demonstrates that such discovery is necessary to adjudicate the preliminary motion." Initial Scheduling Order § 3(c)(i).

The Pasi Defendants' motion to dismiss arises under both Rules 12(b)(1) and 12(b)(6). As set forth in the Pasi Defendants' brief in support of their motion to dismiss, Plaintiffs have failed to allege injury-in-fact that would confer standing to sue. D.E. 39 at 5-9. Standing is an issue of subject-matter jurisdiction. *See, e.g., Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 480 (4th Cir. 2003) (applying Rule 12(b)(1) to standing analysis). Therefore, in the absence of a petition for limited discovery on the issue of standing – which Plaintiffs have not asserted – the Standing Order remains in force and effect and no discovery can proceed, at least as to the Pasi Defendants.

The Pasi Defendants likewise believe that early resolution of the Rule 12(b)(6) issues asserted by the Pasi Defendants and the Apex Defendants would further aid the orderly conduct of discovery by either narrowing or confirming the scope of potentially relevant witnesses and documents. In the event that Plaintiffs' claims against the Pasi Defendants survive a motion to dismiss, the Pasi Defendants do not object to the mandatory initial disclosures contemplated by Rule 26(a)(1).

3. Brief Statement of the Nature and Complexity of the Case.

Plaintiffs' Position:

Plaintiffs allege that they incurred more than $2,800,000.00 in damages as the result of the Defendants' submission of hundreds of fraudulent and unlawful medical bills and reports through the United States mails and through the use of the wires in interstate commerce. Plaintiffs allege that: the Defendants obtained their patient referrals through an unlawful referral and patient

brokering scheme with the personal injury law firm that asserted demands on behalf of individuals ("Claimants") who claimed to have been involved in automobile accidents and were asserting claims against GEICO insureds' insurance policies; (ii) the Fraudulent Services were not provided in compliance with relevant laws and regulations governing healthcare practice in North Carolina; (iii) the Fraudulent Services were not medically necessary, and were provided – to the extent that they were provided at all – unlawfully, and pursuant to pre-determined fraudulent protocols designed to financially enrich the Defendants and their associates, rather than to treat or otherwise benefit the Claimants who purportedly were subjected to them; in many cases, the Fraudulent Services never were legitimately provided in the first instance; and the Defendants' bills and reports for the Fraudulent Services misrepresented the Claimants' conditions, that the Fraudulent Services were lawfully provided, and the nature, extent, results, and medical necessity of the Fraudulent Services, in order to falsify and exaggerate the severity of the Claimants' injuries, inflate Plaintiffs' payments on bodily injury ("BI") and underinsured/uninsured motorist ("UM") claims, and thereby enrich the Defendants and their associates.

Plaintiffs anticipate seeking financial discovery – including subpoenaing the Defendants' corporate bank records, discovery related to the hundreds of fraudulent claims submitted by the Defendants which have been identified to date, and expert discovery.

Apex Defendants' Position:

Geico's claims are factually baseless and legally unsupportable. As explained in the Apex Defendants' motion to dismiss (Docs. 30, 31), not only is Geico's entire lawsuit defeated by *Noerr-Pennington* immunity, Geico's allegations are facially implausible, internally inconsistent, and reflect an improper collateral attack against personal injury claims it cannot legitimately avoid. At bottom, this lawsuit represents nothing more than an insurance company's brazen and misguided attempt to avoid paying the valid medical claims of injured third-party claimants. The only complicating factor in this case is Geico's decision to name two entirely unrelated sets of defendants in a single lawsuit. To this end, the Apex Defendants intend to file a motion to sever in the event Geico's lawsuit is not dismissed in its entirety at the Rule 12 stage.

Pasi Defendants' Position:

The Pasi Defendants agree with the Apex Defendants' summary of the nature of the case. The Pasi Defendants likewise intend to file a motion to sever the claims against the Pasi Defendants from the claims against the entirely unrelated Apex Defendants in the event the claims against the Pasi Defendants survive the Rule 12 stage.

4. Case Management Track.

☐ The parties jointly request that this matter be assigned to the Standard Track. If this case management track is assigned, the discovery completion deadline would be Tuesday, June 4, 2024 and the dispositive motions deadline would be Tuesday, July 2, 2024.

☒ The parties disagree as to the appropriate case management track.

Plaintiffs' Position:

Plaintiffs request that this matter be assigned to the complex/extended track owing to the significant discovery required in this matter. Specifically, Plaintiffs anticipate subpoenaing the defendants'

corporate bank records, conducting detailed fact discovery, including taking the depositions of all parties and their corporate representatives. Additionally, Plaintiffs anticipate amending their complaint after an initial course of discovery is completed to name additional parties. The Apex Defendants oppose this request.

Apex Defendants' Position:

As reflected in the Apex Defendants' motion to dismiss and request for expedited hearing, Geico's lawsuit suffers from multiple threshold defects that warrant a complete dismissal at the Rule 12 stage. However, in the event this case is not dismissed, there are two reasons why the presumptive Standard Track is appropriate.

First, the mere pendency of this lawsuit has a profoundly negative impact on the Apex Defendants' ongoing medical practice. *See* Doc. 33. Protracted litigation only serves to amplify those negative (and entirely unwarranted) impacts. Moreover, the Standard Track provides adequate means for the parties to conduct appropriate and fulsome discovery, while simultaneously discouraging any dilatory tactics that only serve to unfairly prejudice the Apex Defendants.

Second, Geico has offered no valid reasons to justify a departure from the presumptive Standard Track. Geico's only purported justification is that it intends to request documents and take depositions—mechanisms fully available to it under the presumptive Standard Track.

For both reasons, the Court's Standard Track is appropriate.

Pasi Defendants' Position:

The Pasi Defendants object to the commencement of discovery for the reasons set forth in Item 2 above, which necessarily impacts the presumptive deadlines under either the Standard or the Complex track. The Pasi Defendants believe that, upon the commencement of discovery following resolution of the Rule 12(b)(1) and Rule 12(b)(6) motions, the parties could reasonably complete discovery within the presumptive parameters of the Standard Track. The presumptive limits of the Standard Track better serve to balance the economic inequalities between four related insurance companies who routinely engage in similar litigation, on the one hand, and a small medical practice whose participation in burdensome discovery over an extended period of time threatens the practice's resources available to care for patients.

The Pasi Defendants also do not consent to enlarging the scope of discovery to allow a fishing expedition in the hopes of marshaling evidence against other defendants. If other parties are added to the case, the Pasi Defendants reserve the right to re-evaluate the scope of proposed discovery in light of concrete claims and defendants rather than unenumerated, hypothetical ones.

☐ Check if applicable and explain below.)  Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

5. <u>Discovery Plan.</u>  The parties jointly propose to the Court the following discovery deadlines and limitations.
    a. Deadline for motions to join additional parties or otherwise amend the pleadings:
    b. *Discovery Limits*:
        i. Maximum of __ interrogatories per party.
        ii. Maximum of __ requests for production per party.
        iii. Maximum of __ requests for admission per party.
        iv. Maximum of __ hours of oral deposition per party.
    c. Expert reports from retained experts under Rule 26(a)(2) will be due:
        - from plaintiff(s) by
        - from defendant(s) by
        Supplementation under Rule 26(e) due

    d. Special Issues Regarding the Scope and Schedule of Discovery.  (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

    e. *Objections:*

6. <u>Other Items.</u>
    a. <u>Initial Pretrial Conference.</u> The parties <u>request conference with</u> the Court prior to the entry of a Case Management Order.
        O
    b. <u>Alternative Dispute Resolution.</u>
        Based upon preliminary discussions, settlement in this case cannot yet be adequately evaluated. The prospect of settlement may be enhanced by use of the following ADR procedure.

        ☒ Mediated Settlement Conference
        ☐ Judicial Settlement Conference
        ☐ Judicial Settlement Conference
        ☐ Other

        The parties agree that the above-selected ADR procedure would be most  useful if conducted:

        ☐ Prior to further discovery.
        ☐ After an initial round of preliminary discovery to be completed by
        ☒ After the completion of discovery.

    c. Trial Estimates.  If this case is ultimately tried, trial is expected to take approximately <u>one week</u>. This case will be tried with a jury.

        i. <u>Local Civil Rule 73.1(C) Certification.</u>
            ☒The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge.  If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent may be deemed waived as untimely.

7. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

Plaintiffs' Position:

There is currently a dispute as to whether discovery is stayed as to the Pasi Defendants as a result of the filing of their pending motion to dismiss. The Pasi Defendants object to exchange of the information required by Fed. R. Civ. P. 26(a)(1), object to characterizing the parties' discussions on December 19, 2023, as the parties' Rule 26(f) initial attorney conference, and the Pasi Defendants object to beginning the process of fact discovery on the basis that they have filed as 12(b)(1) motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. As discussed herein, Plaintiffs oppose this position and respectfully submit that the Pasi Defendants' motion is better characterized as a 12(b)(6) for failure to state a claim, which pursuant to Judge Whitney's standing order does not stay discovery, nor toll the time in which initial disclosures are to be exchanged. Plaintiffs further submit that the Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because the total matter in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold of $75,000.00, and is between citizens of different states. A review of the citizenship disclosure statements confirms that this action is between citizens of different states. See ECF Nos. 2-5; 19-20; 26-27.

In addition, Plaintiffs respectfully submit that this Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 over claims brought under 18 U.S.C. §§ 1961 et seq. (the Racketeer Influenced and Corrupt Organizations ("RICO") Act).

Apex Defendants' Position:

As indicated above, Geico has joined two wholly unrelated sets of defendants in the same lawsuit. For this reason, the Apex Defendants intend to file a motion to sever in the event Geico's lawsuit is not dismissed in its entirety at the Rule 12 stage. See Doc. 31 at 2 n.1.

Pasi Defendants' Position:

As set forth in Item 2 above, the Pasi Defendants object to the commencement of discovery as inconsistent with Section 3(c)(1) of the Court's Initial Scheduling Order.

The Pasi Defendants agree with the Apex Defendants that the claims against the two sets of Defendants should be severed from one another if the case is not dismissed at the Rule 12 stage.


By: /s/ Christie M. Hayes
Christie Michelle Hayes, Esq.
BAKER, DONELSON, BEARMAN,

CALDWELL & BERKOWITZ, P.C.
2235 Gateway Access Point
Suite 220
Raleigh, NC 27607
(984) 844-7900

*--and--*

Barry I. Levy, Esq. (admitted *pro hac vice*)
Max Gershenoff, Esq. (admitted *pro hac vice*)
Steven Henesy, Esq. (admitted *pro hac vice*)
Qasim I. Haq, Esq. (admitted *pro hac vice*)O
RIVKIN RADLER, LLP
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

*Counsel for Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company*


/s/ John B. Mumford, Jr._____
John B. Mumford, Jr. (NC Bar No. 56900)
John S. Buford (NC Bar No. 28455)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Rd., Suite 400
Glen Allen, VA 23060
Tel: 804-967-9604
Fax: 804-967-9888
jmumford@hancockdaniel.com
jbuford@hancockdaniel.com
Attorneys for Defendants Advanced Pain
Consultants, P.A. and Sonia P. Pasi, M.D.

s/ Daniel Adams_____
Daniel Adams (NC Bar No. 51806)
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
230 North Elm St., Suite 2000
Greensboro, NC 27401
Tel: 336-271-3109
Fax: 336-232-9109
dadams@brookspierce.com
Attorneys for Defendants Advanced Pain
Consultants, P.A. and Sonia P. Pasi, M.D.

s/ John Michael Durnovich_____
John Michael ("J.M.") Durnovich
jdurnovich@poynerspruill.com

N.C. State Bar No. 47715
Andrew H. Erteschik
N.C. State Bar No. 35269
aerteschik@poynerspruill.com
301 South College St., Ste. 2900
Charlotte, NC 28202
Telephone: 704.342.5250
Facsimile: 704.342.5264
Local Counsel for Defendants Apex Spine
& Orthopaedics, PLLC and Erik T. Bendiks, M.D.

/s/_Andrew P. Baratta_____
Andrew P. Baratta (admitted *pro hac vice*)
Pennsylvania Bar No. 82250
andrew@barattalawfirm.com
3500 Reading Way Huntingdon Valley, Pa. 19006
215-914-8132
215-914-2118 (fax)
Counsel for Defendants Apex Spine
& Orthopaedics, PLLC and Erik T. Bendiks, M.D.

4870-2560-9113, v. 1