# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:23-cv-00590-FDW-SCR

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

                       Plaintiffs,

v.

APEX SPINE & ORTHOPAEDICS, PLLC, ERIK T. BENDIKS, M.D., ADVANCED PAIN CONSULTANTS, P.A., and SONIA P. PASI, M.D.,

                       Defendants.

## PROTECTIVE ORDER

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. The Parties anticipate that discovery in this action may require the exchange of personally identifiable information (including any data that could potentially be used to identify a particular person such as social security numbers, financial account numbers, and home addresses), proprietary information, and information that may be deemed Protected Health Information ("PHI"), as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as set forth in 45 C.F.R. §§ 160.103 and 164.501, or the regulations implementing HIPAA.

2. For the purposes of facilitating the production of PHI and personally identifiable information in this action to avoid the risk of harm posed by the public dissemination of confidential

and proprietary medical records and information related to medical history and treatment, the Parties have requested, and the Court hereby establishes the following procedures, which shall govern the production of PHI and personally identifiable health information consistent with federal and state law, including information protected by HIPAA, and specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v).

3. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

4. The Parties are hereby authorized to request from each other and to disclose in response to such requests, PHI and personally identifiable information in accordance with this Order and the applicable privacy rules and regulations of HIPAA, including HIPAA's privacy regulations set forth at 45 C.F.R. §§ 160, 164 ("Privacy Rules").

Under HIPAA's Privacy Rules, the Parties may only disclose PHI, as that term is defined in 45 C.F.R. § 160.103, in judicial or administrative proceedings if it receives certain "satisfactory assurances" from the receiving Parties. *See* 45 C.F.R. § 164.512(e). In order to provide "satisfactory assurances" in this action, any PHI produced by the Parties shall be designated as "Confidential - PHI" and shall, as a result of such designation, be entitled to any and all protections afforded to such information as set forth in this Order and under HIPAA's Privacy Rules.

All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to the claims at issue in this action to attorneys representing the Plaintiffs or Defendants

in this litigation. Information containing PHI disclosed pursuant to this Order ("Confidential-PHI") will be labeled "CONFIDENTIAL – PHI – PRODUCED PURSUANT TO PROTECTIVE ORDER."

5. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential or Confidential-PHI information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

6. In the event a party challenges another party's Confidential or Confidential-PHI designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible.

7. Information or documents designated as "Confidential" or "Confidential-PHI" shall not be disclosed to any person, except:

   a. The requesting party and counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts to the extent deemed necessary by counsel;
   d. Court reporters providing transcription services in the litigation;
   e. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and
   f. The Court, its employees, or the jury at trial or as exhibits to motions.

8. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. The confidential information may be displayed to and discussed with the persons identified in Paragraph 7(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as **Exhibit A**. In the event such person refuses to sign an agreement in the form attached as **Exhibit A**, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

10. For the purpose of Paragraphs 7(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

11. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

12. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.  Signed: April 15, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# EXHIBIT "A"

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – PHI – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED:

Signed in the presence of:
(Attorney)