UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00590-FDW-SCR

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY et al, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER**<br>) |
| APEX SPINE & ORTHOPAEDICS, PLLC et al, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendant Erik T. Bendiks and Defendant Apex Spine & Orthopaedics, PLLC's Motion to Dismiss, (Doc. No. 30), and Defendant Sonia P. Pasi and Defendant Advanced Pain Consultants, P.A.'s Motion to Dismiss, (Doc. No. 38). Additionally, before the Court is a Motion for Hearing related to the motions to dismiss. (Doc. No. 33). These matters have been fully briefed, (Doc. Nos. 31, 39, 41, 44, 45, 46, 47), and are ripe for ruling. For the reasons set forth below, Defendant Erik T. Bendiks and Defendant Apex Spine & Orthopaedics, PLLC's Motions are DENIED and Defendant Sonia P. Pasi and Defendant Advanced Pain Consultants, P.A.'s Motion is DENIED.

I.     BACKGROUND

Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs" or "GEICO") are insurance companies that underwrite automobile insurance in North Carolina. The defendants include Dr. Erik T. Bendiks ("Bendiks") and his medical practice Apex Spine & Orthopaedics ("Apex Spine"), PLLC (collectively "the Apex Defendants") as well as Dr. Sonia P.

1

Pasi ("Pasi") and her medical practice Advanced Pain Consultants ("Advanced Pain"), P.A. (collectively "the Pasi Defendants"). The Pasi Defendants and Apex Defendants both provided medical and physical therapy services to their patients injured in automobile accidents. Though not named as a defendant, relevant to this matter is a non-party law firm, Hurt 999 Law Offices of Shane Smith, PC ("Shane Smith Law") and its owner, Ronald Shane Smith, Esq. ("Shane Smith"). Shane Smith and Shane Smith Law represented bodily injury and underinsured/uninsured motorist claimants after automobile accidents.

Beginning in 2020, Defendants allegedly "masterminded and implemented a fraudulent and unlawful scheme with Shane Smith and Shane Smith Law. (Doc. No. 1, p. 9.) Generally, for bodily injury and underinsured/uninsured motorist claims, Plaintiffs would not make large payments related to those claims unless a claimant "suffered any serious, long-term, debilitating injuries in their underlying automobile accidents." (Id.) Wanting to maximize the payments for both the lawyer representing the claimant and the doctor treating the claimant, Shane Smith and Shane Smith Law allegedly entered into an agreement with Defendants. (Doc. No. 1, pp. 9–10.) Essentially, Plaintiffs allege an unlawful referral and patient brokering scheme in which Shane Smith and Shane Smith Law solicited and referred claimants to Defendants and Defendants submitted false insurance claims involving fraudulent invoices for medical services that were never performed, unwarranted, or unrelated to the corresponding insurance claim. (Doc. No. 1, p. 10.) Based on Defendants' false medical documentation, Plaintiffs reached settlements in the claimants' bodily injured and underinsured/uninsured automobile claims.

On September 18, 2023, Plaintiffs filed this suit against Defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.; common law fraud; and unjust enrichment. On September 20, 2023, the Apex Defendants moved

to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted. (Doc. Nos. 30, 31.) On December 6, 2023, the Pasi Defendants moved to dismiss the Complaint in its entirety for both lack of jurisdiction and failure to state a claim.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Jurisdiction

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Before a court can rule on any other issue, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal quotation marks omitted). If there is doubt whether such jurisdiction exists, the court must "raise lack of subject-matter jurisdiction on its own motion," without regard to the parties' positions. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (noting federal courts are independently obligated to determine whether subject matter jurisdiction exists, "even when no party challenges it"); Mansfield, Coldwater & Lake Mich. Ry. v. Swan, 111 U.S. 379, 382 (1884).

Thus, it is well-settled that lack of subject matter jurisdiction may be raised at any time by a litigant or the court *sua sponte*. See, e.g., Swan, 111 U.S. at 384. Finally, "[n]o party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrs. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009)

3

("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Federal district courts retain original subject matter jurisdiction when, among other specific scenarios expressed in Title 28 of the United States Code, either (1) the complaint raises a federal question under 28 U.S.C. § 1331, or (2) the requirements for amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332. The party asserting jurisdiction bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

**B.  Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not

necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555–56).

## III. ANALYSIS

The Court finds the Apex Defendants have not shown good cause warranting a preliminary hearing on their motion to dismiss. Because there is a sufficient basis in the briefs for this Court to rule, the Court DENIES the request for a hearing. The Court will address the parties' arguments in turn.

### A. Lack of Jurisdiction

The Pasi Defendants argue Plaintiffs lack standing to sue. Specifically, the Pasi Defendants allege Plaintiffs have not established they suffered a particularized injury in fact or that the Pasi Defendants proximately caused injury to Plaintiffs. To establish standing, a plaintiff must show (1) a concrete, particularized, actual, or imminent "injury in fact"; (2) a causal connection between the injury and the conduct complained of; and (3) injury is likely redressable by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

The Pasi Defendants contend Plaintiffs cannot establish Article III and statutory standing under the RICO statute. Article III and statutory standing are analyzed separately. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 84 (1998). To the extent the Pasi Defendants argue Plaintiffs cannot plausibly allege a valid RICO claim, the Court will analyze such arguments under Rule 12(b)(6), not Rule 12(b)(1) because these alleged pleading defects are not questions of subject-matter jurisdiction. Because it is clear Plaintiffs have established Article III standing, the Pasi Defendants' motion to dismiss for lack of jurisdiction is DENIED.

5

### B. Failure to State a Claim

#### 1. Noerr-Pennington Immunity

The Pasi Defendants and Apex Defendants argue Plaintiffs have failed to state a claim upon which relief can be granted because the Complaint alleges harm through engagement in "petitioning activity" in connection with the transmission of "settlement demands". (Doc. No. 31, p. 4–7; Doc. No. 39, p. 10 n.3.) The Noerr-Pennington doctrine "safeguards the First Amendment right to petition the government for a redress of grievances . . . by immunizing citizens from the liability that may attend the exercise of that right." Waugh Chapel South. LLC v. United Food & Commercial Workers Union Local 27, 728 F.3d 354, 362 (4th Cir. 2013). "However, the First Amendment offers no protection when petitioning activity . . . is a mere sham to cover [up] an attempt to violate federal law." Id.

"[T]he Noerr-Pennington doctrine is an affirmative defense," and a motion to dismiss "cannot reach the merits of an affirmative defense [unless] all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. at 359–60. Courts have routinely declined to address the Noerr-Pennington doctrine at the motion to dismiss stage, particularly where the sham litigation exception may be involved. See id.; see also Navient Sols., LLC v. L. Offs. Of Jeffrey Lohman, 2020 WL 1867939, at *4 (E.D. Va. Apr. 14, 2020); Leading Tech. Composites, Inc. v. MV2, LLC., 2019 WL 4962312, at *4 (D. Md. Oct. 8, 2019); Saxton v. Town of Irmo Police Dep't, 2015 WL 13733740, at *5 (D.S.C. Dec. 23, 2015); I-Minerals USA, Inc. v. Zielke, 2015 WL 5457840, at *4 (W.D.N.C. Sept. 16, 2015). Defendants make no argument supporting a departure from this established practice. Accordingly, Defendants' reliance on the Noerr-Pennington doctrine at this stage is rejected.

#### 2. Rule 9(b) of the Federal Rules of Civil Procedure

The Apex Defendants and Pasi Defendants argue Plaintiffs failed to satisfy the special pleading requirements under Rule 9 of the Federal Rules of Civil Procedure. Under Rule 9(b), when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This rule requires allegations of fraud be pled with particularity "as to the time, place and contents of the false representations, the identity of the person making those representations, and what was obtained by the fraud." Foster v. Wintergreen Real Est. Co., No. 3:08CV00031, 2008 WL 4829674, at *5 (W.D. Va. Nov. 6, 2008) (citing Harrison v. Savannah Westinghouse River Co., 176 F.3d 776, 784 (4th Cir. 1999)), aff'd, 363 F. App'x 269 (4th Cir. 2010), and aff'd, 363 F. App'x 269 (4th Cir. 2010). Specifically, the Apex Defendants argue Plaintiffs relied upon "an outdated set of [current procedural terminology] codes that was replaced." (Doc. No. 31, p. 8.) This argument fails.

Here, the nature and scope of the claims alleged by Plaintiffs in their 90-page Complaint are much broader and more detailed than simply providing medical billings codes. Importantly, Plaintiffs allege specific, discrete, fraudulent acts which include details such as the who, what, when, where, and why for multiple patient-specific examples. On the face of the Complaint, Plaintiffs have provided the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure to plausibly state a claim. Therefore, the Apex Defendants' and Pasi Defendants' motions to dismiss based on insufficient pleadings under Rule 9(b) are DENIED.

3. RICO Claims

The RICO statute makes it "unlawful for any person employed by or associated with an enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "Any person injured in his business or property by

7
Case 3:23-cv-00590-FDW-SCR   Document 51   Filed 06/03/24   Page 7 of 13

reason of a violation of section 1962" may bring a civil suit for treble damages. Id. § 1964(c). To state a claim under § 1962(c), a plaintiff must adequately plead the defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

> i. *RICO Person and RICO Entity*

The Apex Defendants contend Plaintiffs impermissibly lump together the individual and corporate defendants such that the parties have not been notified as to what Plaintiffs claim forms the basis of liability against each particular Defendant.

Courts "do not quarrel with the basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). The plain language of the statute asserts "it applies to 'person[s]' who are 'employed by or associated with' the 'enterprise.'" Id. "In ordinary English one speaks of employing, being employed by, or associating with other, not oneself . . . the Act's purposes are consistent with that principle." Id. at 162. "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." Id. at 163.

Viewing the allegations of the Complaint in the light most favorable to Plaintiffs, the Court finds sufficient factual allegation that Defendant Bendiks is distinct from Defendant Apex Spine, and Defendant Bendiks allegedly used Apex Spine for unlawful purposes. Additionally, Plaintiffs have sufficiently distinguished amongst and between all Defendants to provide sufficient notice of the alleged misconduct of each. Therefore, Defendants' arguments fail.

> ii. *Particularized Injury for Each Plaintiff*

Additionally, the Pasi Defendants contend Plaintiffs impermissibly lumped together themselves, four entities within the corporate umbrella of GEICO, in such a way it is unclear what damages each Plaintiff has suffered. Importantly, Rule 9(b) of the Federal Rules of Civil Procedure merely requires "the circumstances constituting fraud" be pled with particularity. Fed. R. Civ. P. 9(b). Damages need not be pled with particularity. See Andrews Farms v. Calcot, Ltd., 527 F.Supp.2d 1239, 1252 (E.D. Cal. 2007) ("While Rule 9(b) requires pleading the circumstances of fraud with particularity, defendants cite no case law, and the Court finds none, requiring that fraud damages be pled with more specificity than required under normal notice pleading.").

Here, Plaintiffs have alleged each of GEICO's four entities specifically named in the Complaint were targeted by Defendants' alleged scheme of inflating medical bills which Plaintiffs ultimately relied on in reaching settlement agreements in bodily injury and uninsured/underinsured claims. As a result, Plaintiffs allege incurring damages of more than $2,800,000. Though Plaintiffs have not alleged specific damages incurred as to each Plaintiff, the allegations are sufficient at this stage of litigation and Plaintiffs will have to prove the extent of damages. The Pasi Defendants' motion to dismiss on this basis is DENIED.

### iii. Proximate Cause

The Apex Defendants and Pasi Defendants argue Plaintiffs cannot satisfy the RICO proximate cause requirement. Specifically, Defendants contend there is no "direct relation" between their alleged misconduct and Plaintiffs' alleged injuries. The Court disagrees.

A plaintiff asserting a RICO claim must plausibly allege the violation proximately caused the plaintiff's injuries. Holmes v. Secs. Inv. Prot. Corp., 503 U.S. 258, 268 (1992). Proximate cause in this context is not one of foreseeability; rather, the plaintiff must establish the alleged RICO violations "led directly" to the claimed injuries. Anza v. Ideal Steel Supply Corp., 547 U.S. 451,

461 (2006). "RICO proximate causation is lacking when (1) there is a 'more direct victim' from whom (or intervening factor from which) the plaintiff's injuries derive, or (2) the alleged RICO predicate violation is 'too distinct' or logically unrelated from the cause of the plaintiff's injury." Albert v. Global Tel*link, 68 F.4th 906, 911 (4th Cir. 2023) (citing Saint Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 301 (3d Cir. 2020)). A "more direct victim" case occurs when the plaintiffs cannot show proximate cause because "the plaintiff's injuries derive from those suffered by parties more closely or directly victimized by the defendant's wrongdoing." Albert, 68 F.4th at 911. These plaintiffs merely suffer "derivative or 'passed-on' injuries." Id. (quoting Trollinger v. Tyson Foods, Inc., 370 F.3d 602, 613 (6th Cir. 2004)). A "too distinct" case occurs when the plaintiffs cannot show proximate cause because "the alleged RICO violation is too logically unrelated to the direct cause of a plaintiff's injuries." Albert, 68 F.4th at 912.

Here, Plaintiffs basic contention is Defendants engaged in a fraudulent scheme of inflating their patients', who were also personal injury plaintiffs, medical bills based on unnecessary medical services to submit to Plaintiffs and maximize Defendants' reimbursements when the patients settled their bodily injury and uninsured/underinsured claims. Unlike the "more direct victim" cases, Plaintiffs' injuries do not derive from an injury to a party closer to Defendants in the chain of causation. Unlike the "too distinct" cases, including Hemi Group, LLC v. City of New York, 559 U.S. 1 (2010) which Defendants rely on, the relationship between the alleged RICO violation and the cause of Plaintiffs' injuries is distinguishable. Namely, the alleged mail and wire fraud were part of the same scheme which triggered the inflated prices Plaintiffs paid. Therefore, Plaintiffs plausibly allege sufficient proximate cause at this stage of litigation and Defendants' motions for dismissal on such grounds are DENIED.

   *iv.*  *Conspiracy*

The Pasi Defendants contend Plaintiffs have failed "to plausibly allege an agreement to commit predicate acts in furtherance of an overall enterprise objective." (Doc. No. 39, p. 21.) Specifically, the Pasi Defendants argue (1) a RICO conspiracy cannot be against a single person, (2) Defendant Pasi cannot conspire with Defendant Advanced Pain, and (3) Shane Smith cannot conspire with an enterprise outside of his control.

"The heart of a conspiracy is the agreement to do something that the law forbids." United States v. Pryba, 900 F.2d 748, 760 (4th Cir. 1990). "To satisfy § 1962(d), the plaintiff must establish two elements: (1) that two or more people agreed that some member of the conspiracy would commit at least two racketeering acts (i.e. a substantive RICO offense) and, (2) that the defendant knew of and agreed to the overall objective of the RICO offense." Borg v. Warren, 545 F. Supp. 3d 291, 319 (E.D. Va. 2021). A plaintiff may prove agreement solely by circumstantial evidence. United States v. Cornell, 780 F.3d 616, 623 (4th Cir. 2015); Hengle v. Asner, 433 F. Supp. 3d 825, 898 (E.D. Va. 2020).

As an initial matter, the Court notes the Pasi Defendants' characterization of the conspiracy as against a single person is without merit. The Complaint clearly alleges the Pasi Defendants and the Apex Defendants "entered into secret and unlawful agreements" with Shane Smith and Shane Smith Law where the Defendants "agreed to perform . . . medically unnecessary [healthcare services] . . . to falsify and exaggerate the nature, extent, results, and medical necessity of [those services], as well as the severity of the Claimants' injuries, in order to inflate Plaintiffs' payments on the Claimants' [bodily injury] and [uninsured motorist] Demands." (Doc. No. 1, p. 10.) Additionally, the intracorporate conspiracy doctrine does not preclude a claim for conspiracy[1] because Defendant Pasi and Defendant Advanced Pain were not merely conspiring amongst

---

[1] The Pasi Defendants' reliance on Rich v. Hersl, No. ADC-20-488, 2022 WL 672751, *5 (D. Md. Mar. 7, 2022) is misplaced.

themselves. Rather, "Shane Smith and Shane Smith Law arranged for the Defendants to obtain liens on the claims . . . tied to the total amounts that the Defendants billed . . . which entitled the Defendants to be paid for their [f]raudulent [s]ervices out of the proceeds of the Claimants' [bodily injury] and [uninsured motorist] claims." (Id.)

The Pasi Defendants rely on Sheikh v. Wheeler, 790 F. App'x 793 (2019) for the proposition Shane Smith and Defendants were merely acting "in their individual self-interests" and not "for the same unlawful purpose"; thus, no RICO conspiracy exists. However, Sheikh is distinguishable. The complaint in Sheikh did not plausibly allege an enterprise because there was no relationship between any of the defendants, meaning there could be no joining for a common purpose. Sheikh, 790 F. App'x at 796. Comparatively, the Complaint before this Court sufficiently alleges the joining of Defendants with Shane Smith to allegedly defraud Plaintiffs including the identity of the co-conspirators, the object of the conspiracy, and the substance of the conspiratorial agreement.

4. Unjust Enrichment

The Pasi Defendants argue Plaintiffs' claim for unjust enrichment fails because the claim "is predicated on the Pasi Defendants' receipt of funds GEICO paid under settlement agreements with Claimants, which are valid and fully performed express contracts." (Doc. No. 39, p. 22.) Plaintiffs contend because the Pasi Defendants were not parties to the settlement agreements, the claims in this matter are not the subject of any contract between Plaintiffs and the Pasi Defendants. The Court agrees with Plaintiffs.

In North Carolina, the law of unjust enrichment proceeds from the general principle that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." Booe v. Shadrick, 322 N.C. 567, 369 S.E.2d 554, 555–56 (1988) (internal quotations

omitted). To prevail on an unjust enrichment claim, a plaintiff must prove (1) it conferred a benefit on the defendant, (2) the benefit was not conferred officiously or gratuitously, (3) the benefit is measurable, and (4) the defendant consciously accepted the benefit. Id. at 556. An unjust enrichment claim is available only in the absence of an express contract between the parties. Id.

Here, there is no express contract between Plaintiffs and the Pasi Defendants. Therefore, an action for unjust enrichment is available and has been sufficiently plead. See Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd., 72 F. App'x 916, 923 (4th Cir. 2003) ("Yet it is precisely because there is no express contract between Metric and the Bank that an action for unjust enrichment is available."). The Pasi Defendants' motion as to the unjust enrichment claim is DENIED.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Apex Defendants' Motion to Dismiss, (Doc. No. 30), is DENIED.

**IT IS FURTHER ORDERED** that the Pasi Defendants' Motion to Dismiss, (Doc. No. 38), is DENIED.

**IT IS FURTHER ORDERED** that the Apex Defendants' Motion for Hearing, (Doc. No. 33), is DENIED.

**IT IS SO ORDERED.**

Signed: June 3, 2024

Frank D. Whitney
United States District Judge